UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KUJTIM MAKOVIC, MUSAJA MAKOVIC, and SELMAN HAXHIMURATI, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

HAMPSHIRE HOUSE LLC and ANDREW HEILMANN KERNAN, as an individual and in his capacity as Board President of HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC. and DONALD EINSIDLER as an individual,

Defendants.
----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs, **KUJTIM MAKOVIC, MUSAJA MAKOVIC, and SELMAN HAXHIMURATI**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **HAMPSHIRE HOUSE LLC and ANDREW HEILMANN KERNAN, as an individual and in his capacity as Board President of HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC. and DONALD EINSIDLER as an individual** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 111 7th Street, Garden City, NY 11530.
2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

***The Plaintiffs***

7. Plaintiff KUJTIM MAKOVIC residing at Garden City, NY 11530 was employed by HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC., from in or around December 2019 until in or around December 2023.
8. Plaintiff MUSAJA MAKOVIC residing at Garden City, NY 11530 was employed by HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC., from in or around August 2020 until in or around December 2023.
9. Plaintiff SELMAN HAXHIMURATI residing at Elmont, NY 11003 was employed by HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC., from in or around May 2010 until in or around May 2018.

**The Corporate Defendants**

**Hampshire House LLC**

10. Upon information and belief, Defendant, HAMPSHIRE HOUSE LLC, is a foreign limited liability company, organized under the laws of the State of New York with principal executive offices located at 111 7th Street, Garden City, NY 11530.
11. Upon information and belief, Defendant, HAMPSHIRE HOUSE LLC, is registered in the New York Department of State, Division of Corporation with service of process address at 40 Cutter Mill Road, Suite 405, Great Neck, NY 11021.
12. Upon information and belief, Defendant, HAMPSHIRE HOUSE LLC is a residential property with approximately sixty (60) residential units located at 111 7th Street, Garden City, NY 11530, hereinafter, "the property."
13. Upon information and belief, Defendant, HAMPSHIRE HOUSE LLC, obtained the services of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. to perform the maintenance services for the property.
14. Plaintiffs' paystubs bear the corporate defendant's name.

**Einsidler Management Inc.**

15. Upon information and belief, Defendant, EINSIDLER MANAGEMENT INC., is a domestic business corporation, organized under the laws of the State of New York with principal executive offices and service of process address located at 535 Broadhollow Road, Melville, NY 11747.
16. Upon information and belief, Defendant, EINSIDLER MANAGEMENT INC., is a domestic business corporation authorized to do business under the laws of New York.

**Einsidler Maintenance Services, Inc.**

17. Upon information and belief, Defendant, EINSIDLER MAINTENANCE SERVICES, INC., is a domestic business corporation, organized under the laws of the State of New York with principal executive offices and service of process address located at 535 Broadhollow Road, Melville, NY 11747.

18. Upon information and belief, Defendant, EINSIDLER MAINTENANCE SERVICES, INC., is a domestic business corporation authorized to do business under the laws of New York.

**Individual Defendants**

**Andrew Heilmann Kernan**

19. At all relevant times hereto, Defendant ANDREW HEILMANN KERNAN is the board President of HAMPSHIRE HOUSE LLC.
20. Upon information and belief, Defendant ANDREW HEILMANN KERNAN is an agent of HAMPSHIRE HOUSE LLC.
21. At all times relevant hereto, Defendant ANDREW HEILMANN KERNAN is responsible for overseeing the daily operations of HAMPSHIRE HOUSE LLC.
22. At all times relevant hereto, Defendant ANDREW HEILMANN KERNAN has power and authority over all the final personnel decisions of HAMPSHIRE HOUSE LLC.
23. At all times relevant hereto, Defendant ANDREW HEILMANN KERNAN has the power and authority over all final payroll decisions of HAMPSHIRE HOUSE LLC, including the Plaintiffs.
24. At all times relevant hereto, Defendant ANDREW HEILMANN KERNAN has the exclusive final power to hire the employees of HAMPSHIRE HOUSE LLC, including the Plaintiffs.
25. At all relevant times hereto, Defendant ANDREW HEILMANN KERNAN has exclusive final power over the firing and terminating of the employees of HAMPSHIRE HOUSE LLC, including Plaintiffs.
26. At all times relevant hereto, Defendant ANDREW HEILMANN KERNAN is responsible for determining, establishing, and paying the wages of all employees of HAMPSHIRE HOUSE LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.
27. Accordingly, at all relevant times hereto, Defendant ANDREW HEILMANN KERNAN was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.




**Donald Einsidler**

28. At all relevant times hereto, Defendant DONALD EINSIDLER owns and operates EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC.

29. Upon information and belief, Defendant DONALD EINSIDLER is an agent of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC.

30. At all times relevant hereto, Defendant DONALD EINSIDLER is responsible for overseeing the daily operations of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC.

31. At all times relevant hereto, Defendant DONALD EINSIDLER has power and authority over all the final personnel decisions of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC.

32. At all times relevant hereto, Defendant DONALD EINSIDLER has the power and authority over all final payroll decisions of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC., including the Plaintiffs.

33. At all times relevant hereto, Defendant DONALD EINSIDLER has the exclusive final power to hire the employees of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC., including the Plaintiffs.

34. At all relevant times hereto, Defendant DONALD EINSIDLER has exclusive final power over the firing and terminating of the employees of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC., including Plaintiffs.

35. At all times relevant hereto, Defendant DONALD EINSIDLER is responsible for determining, establishing, and paying the wages of all employees of EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

36. Accordingly, at all relevant times hereto, Defendant DONALD EINSIDLER was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

37. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiffs as employees of both EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC.

38. Both Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.

39. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

40. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC. (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

**Joint Enterprise(s) of the Corporate Defendants**

41. At all times relevant to this action, Corporate Defendants EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

42. At all times relevant to this action, Corporate Defendants EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

43. Upon information and belief, Corporate Defendants EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

44. Upon information and belief, Corporate Defendants EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

45. Upon information and belief, Corporate Defendants EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

## RELEVANT STATUTORY PERIOD

46. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in February 2024, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning May 2018 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## KUJTIM MAKOVIC

47. Plaintiff KUJTIM MAKOVIC was employed by HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC. as a superintendent while performing related miscellaneous duties for the Defendants, such as cleaning, plumbing, electrical works, and being the doorman's handyman, from in or around December 2019 until in or around December 2023.

48. Plaintiff regularly worked approximately six (6) days per week during his employment with the Defendants.

49. Plaintiff KUJTIM MAKOVIC regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 8:00 p.m. or later, five (5) days per week from in or around December 2019 until in or around December 2023.

50. However, Plaintiff was regularly required to work an additional shift for approximately two (2) to three (3) hours, one (1) day per week from in or around December 2019 until in or around December 2023.

51. Thus, Plaintiff was regularly required to work approximately sixty-two (62) to sixty-three (63) hours per week from in or around December 2019 until in or around December 2023.

52. Plaintiff KUJTIM MAKOVIC was paid by Defendants a flat weekly rate of approximately $850.00 per week for all hours worked from in or around December 2019 until in or around December 2023.

53. Although Plaintiff regularly worked sixty-two (62) to sixty-three (63) hours or more hours per week from in or around December 2019 until in or around December 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Furthermore, Plaintiff was not compensated at all for out-of-pocket expenses in the amount of approximately $7,300.00 for the payment of internet of the cameras in the property and for the purchase of painting materials which was not reimbursed by the Defendants.

55. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

56. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

57. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

58. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore,

an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

59. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**MUSAJA MAKOVIC**

60. Plaintiff MUSAJA MAKOVIC was employed by HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC. as a doorman while performing related miscellaneous duties for the Defendants, such as cleaning, accommodating the guests, receiving packages, and maintenance of the building, from in or around August 2020 until in or around December 2023.

61. Plaintiff regularly worked seven (7) days per week during his employment with the Defendants.

62. Plaintiff MUSAJA MAKOVIC regularly worked a schedule of shifts beginning at approximately 10:00 a.m. each workday and regularly ending at approximately 4:00 p.m. or later, five (5) days per week; from approximately 8:00 a.m. each workday and regularly ending at approximately 12:00 p.m. or later, once per week; and from approximately 2:30 p.m. each workday and regularly ending at approximately 10:30 p.m. or later, once per week, from in or around August 2020 until in or around December 2023.

63. Thus, Plaintiff was regularly required to work approximately forty-two (42) hours per week from in or around August 2020 until in or around December 2023.

64. Plaintiff MUSAJA MAKOVIC was paid by Defendants a flat hourly rate of approximately $16.00 per hour for all hours worked from in or around August 2020 until in or around December 2023.

65. Although Plaintiff regularly worked forty-two (42) hours or more hours per week from in or around August 2020 until in or around December 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over

forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Furthermore, Plaintiff was only paid by the Defendants for two (2) days per week. Plaintiff was not compensated at all by the Defendants for approximately five (5) days per week during his employment.

67. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

68. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

69. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

70. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

71. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**SELMAN HAXHIMURATI**

72. Plaintiff SELMAN HAXHIMURATI was employed by HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC., and EINSIDLER MAINTENANCE SERVICES, INC. as a superintendent while performing related miscellaneous duties for the Defendants, such as cleaning, handling the water and boiling system, and

maintenance of the building, from in or around May 2010 until in or around May 2018.

73. During the relevant statutory period, Plaintiff regularly worked seven (7) days per week.

74. Plaintiff SELMAN HAXHIMURATI regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 4:00 p.m. or later, six (6) days per week, and from approximately 8:00 a.m. each workday and regularly ending at approximately 12:00 p.m. or later, once per week, during the relevant statutory period.

75. Thus, Plaintiff was regularly required to work approximately fifty-two (52) hours per week during the relevant statutory period.

76. Plaintiff SELMAN HAXHIMURATI was paid by Defendants a flat weekly rate of approximately $600.00 per week for all hours worked during the relevant statutory period.

77. Although Plaintiff regularly worked fifty-two (52) hours or more hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

78. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

79. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

80. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

81. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore,

an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

82. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

83. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

84. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

85. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

86. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

87. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

89. Collective Class: All persons who are or have been employed by the Defendants as superintendents, doorman, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

90. Upon information and belief, Defendants employed approximately 10 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

91. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

92. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

93. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

94. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

95. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

96. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

97. The claims of Plaintiffs are typical of the claims of the whole putative class.

98. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

99. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**
**Overtime Wages Under The Fair Labor Standards Act**

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

102. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or were engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

103. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

104. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

105. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

106. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**<u>SECOND CAUSE OF ACTION</u>**
**Overtime Wages Under New York Labor Law**

107. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

109. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

110. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**<u>THIRD CAUSE OF ACTION</u>**
**Unpaid Wages Under The Fair Labor Standards Act**

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

113. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

114. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**FOURTH CAUSE OF ACTION**
**Unpaid Wages Under The New York Labor Law**

115. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

116. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

117. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

118. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

**FIFTH CAUSE OF ACTION**
**Violation of the Wage Statement Requirements of the New York Labor Law**

119. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

120. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

121. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

122. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

123. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

124. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interests;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: May 31, 2024
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KUJTIM MAKOVIC, MUSAJA MAKOVIC, and SELMAN HAXHIMURATI, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

HAMPSHIRE HOUSE LLC and ANDREW HEILMANN KERNAN, as an individual and in his capacity as Board President of HAMPSHIRE HOUSE LLC, EINSIDLER MANAGEMENT INC. and EINSIDLER MAINTENANCE SERVICES, INC. and DONALD EINSIDLER as an individual,

Defendants,

---

**COLLECTIVE ACTION COMPLAINT**

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

To:

*Service via Secretary of State:*
**HAMPSHIRE HOUSE LLC (DOS ID: 3097603)**
40 Cutter Mill Road, Suite 405, Great Neck, NY 11021

**EINSIDLER MANAGEMENT INC. (DOS ID: 1318598)**
535 Broadhollow Road, Melville, NY 11747

**EINSIDLER MAINTENANCE SERVICES, INC. (DOS ID: 2745281)**
535 Broadhollow Road, Melville, NY 11747

*Via Personal Service:*
**HAMPSHIRE HOUSE LLC**
111 7th St., Garden City, NY 11530

**EINSIDLER MANAGEMENT INC.**
535 Broadhollow Road, Melville, NY 11747

**EINSIDLER MAINTENANCE SERVICES, INC.**
535 Broadhollow Road, Melville, NY 11747

**ANDREW HEILMANN KERNAN**
111 7th St., Garden City, NY 11530

**DONALD EINSIDLER**
535 Broadhollow Road, Melville, NY 11747